OPINION
Appellant Andrea Rowe is appealing her conviction by the Stark County Court of Common Pleas of one count of felonious assault, a second degree felony with a firearm specification. The Stark County Grand Jury indicted appellant, on this charge, on February 13, 1997.
This charge arose from an incident that occurred on February 8, 1997. On this date, appellant and her nephew, Donyale Rowe, the victim in this case, were drinking at a local establishment called Happy's. After appellant and Donyale Rowe left Happy's, the two returned to the home of Walter Clay, where they were staying during their visit from Cincinnati.
Appellant and Donyale Rowe had been fighting earlier in the evening about moving back to Cincinnati. Upon returning to Clay's residence, the argument continued. Donyale Rowe struck appellant with a curtain rod, which bloodied appellant's nose. Walter Clay testified that he broke up the fight between appellant and Donyale Rowe, after Donyale Rowe struck appellant in the nose with the curtain rod. Walter Clay attempted to calm the appellant who left the room. Four or five minutes later, Walter Clay heard the gunshots. Appellant fired two shots at Donyale Rowe striking him in the left thigh and left shoulder. Appellant's trial commenced on March 19, 1997. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to a determinate term of incarceration of three years and an additional term of three years for the firearm specification to be served consecutively. Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN ITS INSTRUCTION TO THE JURY AND IN NOT GRANTING THE APPELLANT'S MOTION FOR ACQUITTAL, IN THAT THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
Appellant sets forth two arguments in her first assignment of error. Appellant first maintains the trial court erred by instructing the jury to consider a conviction for aggravated assault only if it found appellant not guilty or could not determine appellant's culpability for the offense of felonious assault. Appellant argues the trial court's jury instruction essentially precluded the jury from considering the aggravated assault charge. We disagree based upon the facts of this particular case.
In State v. Deem (1988), 40 Ohio St.3d 205, the Ohio Supreme Court held that aggravated assault is an inferior degree of felonious assault and in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. Id. at paragraph four of the syllabus. In the case sub judice, appellant requested and the trial court gave the following jury instruction for aggravated assault:
 Now, in this case you must first consider the offense of felonious assault as charged in the indictment. If you find that the State has proved beyond a reasonable doubt all of the essential elements of the offense of felonious assault, your verdict must be guilty as charged.
 However, if you find that the State has failed to prove beyond a reasonable doubt all the essential elements of felonious assault, then your verdict must be not guilty of that offense. In that event you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all the essential elements of the lesser included offense of aggravated assault.
 Now, if you are unable to agree upon a verdict of either guilty or not guilty of felonious assault, then you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all of the essential elements of the lesser included offense of aggravated assault. Tr. at 101.
This instruction essentially informed the jury that aggravated assault could be considered as a lesser included offense, but the jury must find appellant guilty of felonious assault if that offense was proven. The State concedes that this instruction was erroneous because such an instruction precluded the jury from considering the proof of provocation if an initial finding of guilt for felonious assault terminates further deliberations.
Appellant did not object to this instruction, at trial, as required by Crim.R. 30 (A). We must therefore review this assignment of error under a plain error analysis. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v.D'Ambrosio (1993), 67 Ohio St.3d 424, 437; State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
We find appellant cannot establish that the outcome of her trial clearly would have been different had the trial court properly instructed the jury. In order to succeed under a plain error analysis, appellant must demonstrate that the record clearly supports her contention of serious provocation. In Deem, the Court explained:
 Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. Deem
at paragraph five of the syllabus.
We find the record demonstrates that sufficient provocation was not present and therefore, the trial court's instruction, although improper, did not deny appellant a fair trial and rise to the level of plain error. The evidence, at trial, established that appellant and her nephew had been arguing all evening. The argument only became physical upon their return to Walter Clay's residence and after appellant attempted to kick Donyale Rowe out of the residence. Appellant stated in a taped statement to the police that "He just wouldn't leave." State's Exhibit L.
Walter Clay testified that appellant was the aggressor. However, at some point appellant received a bloody nose. Walter Clay broke up the fight. Several minutes later, appellant shot Donyale Rowe twice. Appellant never stated, in her taped statement to the police, that she was in pain or fear. Appellant made no statement that she was in an uncontrollable rage. Appellant did state that upon seeing her nose bleed, she "just went off." State's Exhibit L. Based upon this evidence, we find the record lacks evidence of serious provocation occasioned by the victim or extreme stress sufficient to incite appellant to use deadly force. Therefore, the trial court's instruction to the jury regarding the method of deliberation did not result in plain error.
Appellant's second argument, in her first assignment of error, is that the trial court erred when it denied her motion for acquittal because the evidence presented, at trial, was insufficient to support a conviction for felonious assault and against the manifest weight of the evidence. We disagree.
Crim.R. 29 (A) addresses a motion for acquittal and provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The trial court should overrule a motion for acquittal pursuant to Crim.R. 29 (A) where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
Further, on review for sufficiency of the evidence, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin
(1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins
(1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Upon review of the evidence discussed in appellant's first argument, in this assignment of error, we find the offense of felonious assault was clearly proved by the State. In finding appellant guilty of felonious assault, the jury clearly believed the evidence at trial which we find was sufficient to support appellant's conviction. We also find the jury did not clearly lose its way in resolving conflicts in the evidence and therefore, did not create a manifest miscarriage of justice. Since sufficient evidence was presented to support the jury's verdict and the verdict was not against the manifest weight of the evidence, we find the trial court properly denied appellant's motion for acquittal.
Appellant's first assignment of error is overruled.
 II
Appellant contends, in her second assignment of error, that a review of the entire record reveals other errors meriting reversal of the appellant's conviction and sentencing. We disagree.
We have reviewed the record of this matter and find no other errors entitling appellant to a reversal of her conviction.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Farmer, P.J., and Hoffman, J., concur.